UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGIE LIBREROS and
RAUL STUVEN, on behalf of
themselves and those similarly situated,

        Plaintiffs,

v.                                 Case No.  8:12-cv-1283-T-24-TGW

TEXAS DE BRAZIL (TAMPA)
CORPORATION, et al.,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Motion to Stay and Compel Arbitration of Plaintiff Libreros' Claims and Motion to Dismiss Plaintiff Stuven's Claims (Doc. No. 5).  Plaintiffs have responded in opposition (Doc. No. 12).  For the following reasons, Defendants' motion is **GRANTED in part** and **DENIED in part**.

Plaintiffs filed a class and collective action complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Article X, Section 24 of the Florida Constitution.  (Doc. No. 1).  Plaintiffs then filed Notices of Consent to Join for themselves and two additional individuals (Doc. No. 4, Ex. 1–4).  In the instant motion, Defendants ask that the Court compel arbitration of Plaintiff Angie Libreros' claims and stay those claims pending arbitration.  Defendants also ask that the Court dismiss Plaintiff Raul Stuven's claims with prejudice based on Defendants' alleged tender of full relief.  Defendants' motion does not address the claims of Opt-in Plaintiffs Domingo Amar and Blake Pavey.

**I.     Plaintiff Libreros**

Based on a Dispute Resolution Agreement ("Agreement") that Plaintiff Libreros signed on January 17, 2012, Defendants urge the Court to compel arbitration of Libreros' claims and to stay those claims pending arbitration. Libreros argues that some of her claims pre-date the Agreement and are not, therefore, subject to mandatory arbitration. Consequently, she argues, Defendants' motion to compel arbitration of her claims should be denied.

Libreros' argument focuses on language in the Agreement that she contends limits the Agreement's applicability to claims that arise after signing: "You and Texas de Brazil . . . agree to grieve (formally complain), mediate, and then if necessary arbitrate, any lawful dispute/claim that <u>may arise</u> between us." (Doc. No. 5, Ex. 1 at 10) (emphasis added). However, the Agreement also provides the following: "This Agreement and the Pamphlet are legal documents which bind you and the Company to grieve, mediate, and, if necessary, arbitrate <u>all disputes that could be brought in court</u>." (Doc. No. 5, Ex. 1 at 11) (emphasis added). This second provision imposes no temporal limitations on the Agreement. Instead, it plainly provides that "all disputes that could be brought in court" are subject to arbitration. Accordingly, Defendants' motion to compel arbitration of Libreros' claims, and to stay those claims pending arbitration, is granted.

## II.     Plaintiff Stuven

Defendants contend that before Plaintiffs filed their complaint, Plaintiff Stuven requested, and Defendants provided, records regarding Stuven's pay and Defendants' pay practices. Defendants state that they met with counsel for Stuven ready to answer any questions about the documents and that, on or about January 13, 2012, Defendants "unconditionally tendered to Plaintiff Stuven the monies it believed it owed him (namely $2,081.04) and provided rationale for its tender." (Doc. No. 5 at 4). However, "Plaintiff Stuven refused to accept this

tender and did not proffer any reason for his refusal." (Doc. No. 5 at 4).  Defendants now argue that, on the bases of its unconditional tender and of equity, Stuven's claims should be dismissed as moot.  However, Stuven disputes that the amount Defendants tendered constitutes full damages.  Stuven also notes that he seeks declaratory relief and that by virtue of Defendants' refusal to admit liability in this matter, there are matters that remain to be litigated.

"'[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'"  Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla., 382 F.3d 1276, 1282 (11th Cir. 2004) (quoting Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (per curiam)).  Moot cases are nonjusticiable, and Article III courts lack jurisdiction to entertain them.  Id.  At the very least, a live controversy exists regarding the amount and manner of monetary relief to which Stuven may be entitled.  Consequently, the Court concludes that Stuven's dispute with Defendants is not moot, and accordingly, Defendants' motion to dismiss Plaintiff Stuven's claims is denied.

### III.     Class and Collective Claims

Defendants also argue that Plaintiff Libreros' collective action claim must be dismissed because, by signing the Agreement, she "explicitly waived the right to bring a collective, class or any other form of representative action in arbitration." (Doc. No. 5 at 10).  However, Plaintiff Stuven did not sign the Agreement (Doc. No. 5 at 3 n.3), and Defendants have provided no reason why Stuven may not bring claims before this Court in both an individual and a representative capacity.  Accordingly, Defendants' motion is denied on this ground.

### IV.     Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Stay and

Compel Arbitration of Plaintiff Libreros' Claims and Motion to Dismiss Plaintiff Stuven's Claims (Doc. No. 5) is **GRANTED** to the extent that Plaintiff Angie Libreros is directed to arbitrate her claims, and her claims are stayed pending that arbitration. Otherwise, Defendants' motion is **DENIED**.

    **DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record