UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL STUVEN, *on behalf of himself*
*and those similarly situated*,

        Plaintiffs,                     Case No. 8:12-CV-1283-T-24TGW

vs.

TEXAS DE BRAZIL (TAMPA)
CORPORATION, et al.,

        Defendants.
_____/

## ORDER

      This cause comes before the Court on Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members. (Dkt. 30).  Defendants oppose the motion. (Dkt. 31).  For the reasons stated below, Plaintiff's motion is granted.

### I.    Background

      On June 7, 2012, Plaintiffs Angie Libreros and Raul Stuven, on behalf of themselves and those similarly situated, filed suit against their employers, Defendants Texas De Brazil (Tampa) Corporation, Texas de Brazil (Orlando) Corporation, Texas de Brazil (Ft. Lauderdale) Corporation, Texas de Brazil (Gulfstream) Corporation, Texas de Brazil (Miami) Corporation, Texas de Brazil (South Beach) Corporation, and Texas de Brazil Corp. (collectively, "TDB"). Defendants operate approximately six "Texas De Brazil" restaurants throughout the State of Florida, which serve food and beverages to the general public.

      As TDB employees, Plaintiffs served food and beverages at TDB's various restaurants. Plaintiff Angie Libreros worked as both a server and as a bartender from approximately May of

2008 through the present, at TDB's Tampa and Orlando locations.[1]  Plaintiff Raul Stuven

worked as a server from approximately January of 2011 to September of 2011 at TDB's Miami

and South Beach locations.  Three additional TDB employees, who worked at TBD's South

Beach location, have opted-in as plaintiffs to the suit: Rodrigo Amar (Dkt. 4); Blake Pavey, (Dkt.

4); and Michael Leader (Dkt. 23).

In their Class and Collective Action Complaint, Plaintiffs allege violations of the Fair

Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Article X, Section 24 of the Florida

Constitution.  In particular, they allege that TDB improperly required them to pay for their own

uniforms and "walk-out" customers directly from their tips.  They further allege that TDB failed

to pay them the correct rate of overtime pay for tipped employees.

## II.        Motion for Conditional Certification and Court-Authorized Notice

Pursuant to 29 U.S.C. § 216(b), employees alleging a violation of the Fair Labor Standards

Act may bring an action on their own behalf and on behalf of other similarly situated employees.

In the motion, Plaintiff Stuven requests that the Court certify and facilitate notice to a class of

servers and bartenders who worked for TDB in Florida in the last three years, or from June 7,

2009 to the present.

### A.  Framework for Analyzing Motions for Conditional Certification and Notice

One or more employees may bring an action to recover for violations of the FLSA on

their own behalf and on behalf of other similarly situated employees. 29 U.S.C. § 216(b). In

order for an employee-plaintiff to maintain an opt-in collective action against his employer for

FLSA violations, the plaintiff must establish that he or she is similarly situated to the proposed

---

[1] On August 23, 2012, the Court granted TBD's motion to compel arbitration of Plaintiff
Libreros's claims against TBD, finding that the Dispute Resolution Agreement that she signed
compelled that her claims be arbitrated. (Dkt. 20).  Accordingly, Plaintiff Libreros's claims are
stayed pending arbitration.

members of the collective class and that there is sufficient interest by proposed class members to join the lawsuit.  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001); Dybach v. State of Fla. Dept. of Corrs., 942 F.2d 1562, 1567–68 (11th Cir. 1991).  An employee interested in joining, or opting-in, to the lawsuit must file a written consent in order to become a party to the suit.  29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").

In determining whether an opt-in class should be so certified, this Court uses a two-tiered approach:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant[,] usually filed after discovery is largely complete and the matter is ready for trial.  At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.  If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.  The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

Hipp, 252 F.3d at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 12077, 1213–14 (5th Cir. 1995)).

### B. **Burden of Proof**

In support of the motion, Plaintiff filed his own declaration and earning statements, a declaration from Plaintiff Libreros, excerpts from TDB's website, TDB's uniform policy, TDB's uniform acknowledgement form, and U.S. Department of Labor records of its 2008 audit of TDB.  TDB argues that these filings are insufficient to demonstrate the existence of a sufficient number of similarly situated plaintiffs.  TDB requests that the Court strike the declarations of Plaintiffs Stuven and Libreros, arguing that Plaintiff Stuven, who worked as a server in two TDB locations for only nine months, "cannot possibly confirm Defendants' practices regarding overtime pay and uniform deductions for all employees in all of Defendants' restaurants, or for periods of time during which he was not employed by Defendants." (Dkt. 31 at 7).

The Court rejects this argument.  In his declaration, Plaintiff Stuven states that, "based on [his] personal experience in the two stores in which [he] worked," he "can confirm that all servers and bartenders are paid an hourly wage less the tip credit, plus tips."  He further states that "other servers and bartenders [he] worked with had to pay for their own uniforms" and that "[e]ach of [them] are treated the same."  He states that he "confirmed with Angie Libreros that [TDB]'s servers and bartenders who worked in the Tampa and Orlando locations were paid [in] the same manner as the Miami and South beach locations."  He further states that TDB "uses the same handbook for all locations."

These statements are sufficient at this stage of the litigation to meet Plaintiff's burden of proof.  Plaintiff Stuven need not have worked at each TDB location in order to make this declaration regarding the similar manner in which servers and bartenders were paid at all TDB locations.  See Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at * 4 (S.D. Fla. May 17, 2006) (stating that "[a]t this stage of the litigation, it is

appropriate for this Court to take the Plaintiff's allegations and pleadings into consideration without having to reach findings of fact").  Furthermore, Plaintiff Stuven's declaration is bolstered by the additional documents filed by Plaintiff, including TDB's uniform policy, and TDB's uniform acknowledgement form.  Such evidence is sufficient to establish a reasonable basis to believe that there are similarly situated individuals who may be interested in joining the action, if given notice.

### C.  <u>Sufficient Interest Requirement</u>

In evaluating whether conditional certification is appropriate, the Court considers whether Plaintiff has shown that a sufficient number of other TDB servers are interested in joining this lawsuit.  <u>Dybach</u>, 942 F.2d at 1567–68 (noting that, before certifying an action as a collective action under § 216(b), "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in'"). The remedial purpose of the FLSA is "best served" when the district court has "the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions." <u>Id.</u> at 1567.

Plaintiffs Stuven and Libreros stated in their declarations that they believe others will want to join this lawsuit if they receive notice of it. (Dkt. 30, Exs. B, C).  Such declarations have been found to be sufficient to demonstrate interest in the lawsuit and to conditionally certify the class.  <u>Wynder v. Applied Card Sys., Inc.</u>, No. 09-80004-CIV, 2009 WL 3255585, at *3 (S.D. Fla. Oct. 7, 2009) (finding sufficient interest from the plaintiff's declaration that "I expect that other current and other former employees will join this suit if they are given notice of it and opportunity to join").

TDB argues that the fact that there are only three opt-in plaintiffs thus far demonstrates a lack of sufficient interest in the lawsuit. The Court, however, rejects this argument.  Courts have found that the same or even fewer number of opt-in plaintiffs demonstrates a sufficient interest in the lawsuit at this stage of the litigation.  Robbins-Pagel v. WM. F. Puckett, Inc., No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding that affidavits from three other employees who alleged unpaid overtime demonstrated sufficient interest to conditionally certify the class); Guerra, No. 05-14237-CIV, 2006 WL 2290512, at * 4 (holding that the affidavit of one additional co-worker supported the plaintiff's contention that there was sufficient interest to join the suit).  The Court finds that the complaint, in combination with the declarations and the presence of three additional opt-in plaintiffs, presents adequate evidence that others desire to join this action. Joseph v. Family Preserv. Servs. of Fla., Inc., No. 10-81206-CIV, 2011 WL 1790167, at *4 (S.D. Fla. May 10, 2011).

### D.   Similarly Situated Requirement

In evaluating whether conditional certification is appropriate, the Court also considers whether Plaintiff has shown that the purported class members are similarly situated to him.  See Dybach, 942 F.2d at 1567–68.  "Plaintiffs need show only that their positions are similar, not identical."  Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (citations and quotations omitted) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

#### a.   Similarly Situated Regarding Position

TDB argues that Plaintiff Stuven is unable to represent a putative class consisting of both servers and bartenders, as Stuven never held the latter position.  The Court, however, rejects this argument, and finds that Plaintiff presented sufficient evidence to find that the server and

bartender positions are similarly situated for purposes of this motion.  Plaintiff Stuven filed the declaration of Plaintiff Libreros, who worked as both a server and a bartender and alleged that the positions are similar statewide.  (Dkt. 32, Ex. C, at ¶¶3-16).  Although Plaintiff Libreros's claims are being arbitrated, her declaration nevertheless provides evidence for the Court to find that the job duties of servers and bartenders were similar and that they were similarly paid. See Haschak v. Fox & Hound Rest. Group, No. 10 C 8023, 2012 WL 5509617, at *6 (N.D. Ill. Nov. 14, 2012) (defining certified class of servers and bartenders who alleged tip credit violations under the FLSA); Shajan v. Barolo, Ltd., No. 10 Civ. 1285(CM), 2010 WL 2218095, at *1 (S.D.N.Y.  June 2, 2010) (certifying FLSA class of the "named plaintiffs and all waiters, bartenders, runners and/or bussers. . .-essentially all employees who qualify for tips pursuant to the Fair Labor Standards Act").

Furthermore, Plaintiff Stuven argues, and TDB does not appear to contest, that the uniform and pay policies in question apply to all servers and bartenders companywide.  At this stage of the litigation, what the employee serves—food or beverages—is a minor distinction. The "purpose in authorizing § 216(b) class actions [is] to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation . . . of the FLSA." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).  Here, all servers and bartenders were hourly paid employees paid by the tip credit and subject to the same uniform deductions.  Therefore, the Court concludes, at this stage of the proceedings, that Plaintiff has made a sufficient showing that servers and bartenders are similarly situated.

### b.  Similarly Situated Regarding Location

TDB argues that, although Plaintiff claims to have personal knowledge of the experiences of servers and bartenders who work at the various TDB locations, Plaintiff has not presented

admissible evidence to support those allegations. Therefore, TDB argues that the class should be limited to the locations where the named plaintiffs worked, and that notice should only be sent to those locations.  In response, Plaintiff argues that TDB applies its policies companywide, thereby subjecting all servers and bartenders to the same policies.

The Court is not convinced that Plaintiff must show he worked at all TDB locations in order for him to have knowledge that TDB imposed its policies at all TDB locations.  See Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) (authorizing notice to store managers nation-wide based on declarations from four managers who worked at four different locations).  Here, Plaintiff has submitted the uniform policy and uniform acknowledgement form that purportedly apply to employees working at all TDB Florida locations.  Furthermore, Plaintiff alleges that TDB's policies regarding paying for uniforms as well as the incorrect overtime rate were common to all servers and bartenders in Florida.  TDB has not directly disputed this allegation, but rather, responds that "managers at each location have some discretion to vary the day-to-day operating procedures, such that the day-to-day working conditions may vary from restaurant to restaurant." (Dkt. 31 at 9).

The Court concludes that Plaintiff has made a preliminary showing through the complaint, the declarations, and the additional documentation that servers and bartenders throughout Florida are paid in a similar manner.

### E.  Limitation on Scope of Class (Execution of Dispute Resolutions)

TDB argues that "[v]irtually all" current and former employees, who separated after January 2012, signed a valid dispute resolution agreement that contains a provision which requires arbitration of all claims and a class action waiver.  TDB therefore argues that the notice should be sent to servers who did not execute such an agreement.  Plaintiff agrees that the

putative class should exclude all employees who signed arbitration agreements.  Therefore, pursuant to the parties' agreement, the class shall exclude employees who signed arbitration agreements, and the proposed notice should reflect this exclusion.

### F.  Statute of Limitations

Plaintiff proposes a three-year statute of limitations period, such that the class consists of servers and employees who worked for TDB in the last three years, or from June 7, 2009 to the present.  The statute of limitations under the FLSA is two years, unless the violation is willful, in which case the limitations period is three years, pursuant to 29 U.S.C. § 255(a).

TDB argues that the two declarations filed by Plaintiff fail to demonstrate willfulness and that there is no evidence that the three-year statute of limitations is applicable.  In support of imposing a two-year limitations period, TDB cites Cohen v. Allied Steel Buildings, Inc., 554 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008), a case in which the court declined to authorize notice for a three-year period when the "only reference to any allegedly willful violations of the FLSA by Defendants is a conclusory allegation of willfulness in the Complaint absent any facts to substantiate the same."  However, Cohen is distinguishable from the present case, because here Plaintiff repeatedly alleged that TDB acted willfully in paragraphs 64, 83, 92, 98, and 104 of the complaint.  Additionally, Plaintiff alleges that "[d]uring their employment, one or more of the Plaintiffs complained about the illegal practices described above to management of Texas de Brazil and Texas de Brazil took no action to stop the illegal practices." (Dkt. 1, ¶ 50).

Furthermore, Plaintiff argues that the majority of courts use a three-year statute of limitations period at the conditional certification stage, because the often fact-determinative issue of whether the violation was willful or reckless is more appropriately decided at trial.  The Court agrees.  At the conditional certification stage, Plaintiff's allegations concerning willfulness will

suffice for a three-year limitations period.  TDB may renew its objection to a three-year

limitations period in a motion for decertification of the class, or a motion for summary judgment.

White v. Osmose, Inc., 204 F. Supp. 2d 1309, 1318 n.9 (M.D. Ala. 2002); Ohsann v. L.V.

Stabler Hospital, No. 2:07-cv-0875-WKW, 2008 WL 2468559, at *3 (M.D. Ala. June 17, 2008).

### G.  <u>Modifications to Manner and Form of the Proposed Notice</u>

Finally, TDB raises objections to the manner and form of the notice.  For example, TDB

argues that forwarding the notice to potential class members by email is too intrusive.  TDB

suggests that notices be sent by mail, and that it should be required to provide Plaintiff with

employees' email addresses only if Plaintiff can show that the mailed notice was returned by the

U.S. Postal Service as undeliverable.

The Court, however, declines to impose a presumption that notice by mail is the preferred

method of providing notice, and instead, concludes that "the better course is to determine what

constitutes fair and proper notice based on the facts of each case." Simmons v. Enterprise

Holdings, Inc., No. 4:10CV00625 AGF, 2011 WL 1304732, at *1 (E.D.Mo. Apr. 6, 2011).  The

Court is not persuaded that notice by email is too intrusive, and will permit notice to be made in

this manner. Cooper v. E. Coast Assemblers, Inc., No. 12-80995-CIV, 2013 WL 308880, at *3

(S.D. Fla. Jan. 25, 2013) (approving notice by email and mail).

TDB raises additional objections regarding the manner and form of the notice.  In

response, Plaintiff Stuven proposes that the parties confer and resolve all issues related to the

form of the notice, and submit an acceptable form of notice to the Court within ten days.  The

Court agrees with this suggestion.

**III.** **Conclusion**

Accordingly, it is ORDERED and ADJUDGED that:

(1) Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members is **GRANTED** to the extent that the Court conditionally certifies a class of servers and bartenders who worked for TDB at any Florida location between June 7, 2009 to the present.

(2) TDB employees (both former and current) who have executed Dispute Resolution Agreements are excluded from the class, and the notice should reflect the same.

(3) The parties are directed to confer and resolve all issues related to the form of notice, and to submit a joint proposed form of notice to the Court within fourteen days of the date of this Order.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of February, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record