UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAUL STUVEN, on behalf of himself and
those similarly situated,

       **Plaintiff,**

vs.                                                                CASE NO.  8:12-cv-01283-SCB-TGW

TEXAS DE BRAZIL (TAMPA)
CORPORATION, TEXAS DE BRAZIL
(ORLANDO) CORPORATION, TEXAS
DE BRAZIL (FT. LAUDERDALE)
CORPORATION, TEXAS DE BRAZIL
(GULFSTREAM) CORPORATION,
TEXAS DE BRAZIL (MIAMI)
CORPORATION, TEXAS DE BRAZIL
(SOUTH BEACH) CORPORATION,
Florida For Profit Corporations, and
TEXAS DE BRAZIL (OPERATING)
CORPORATION, and TEXAS DE
BRAZIL CORP., Foreign For Profit
Corporations,

       **Defendants.**

_____/

## DEFENDANTS' EMERGENCY MOTION FOR AN ORDER REQUIRING PLAINTIFF TO REMOVE THE UNAPPROVED WEBSITE IMPROPERLY POSTING THE CLASS NOTICE AND ADVERTISING THIS LAWSUIT

Defendants, Texas de Brazil (Tampa) Corporation, Texas de Brazil (Orlando) Corporation, Texas de Brazil (Ft. Lauderdale) Corporation, Texas de Brazil (Gulfstream) Corporation, Texas de Brazil (Miami) Corporation, Texas de Brazil (South Beach) Corporation, Texas de Brazil (Operating) Corporation, and Texas de Brazil Corp. (collectively referred to herein as "Defendants"), through their undersigned counsel, hereby move for an order requiring Plaintiff to "take down" the unapproved website improperly posting the class notice and advertising this lawsuit and counsel's services, and state as follows:

## INTRODUCTION

In direct violation of the court approved joint stipulation regarding class notice distribution, Plaintiff's counsel maliciously created a website (www.texasdebrazilsuit.com) to post the class notice and advertise this lawsuit and their law firm **worldwide**. This is a FLSA collective action with, at most, a few hundred potential class members who worked only in Florida.

On March 5, 2013, the parties entered into a joint stipulation regarding the form and distribution of the class notice. The only agreed upon method of distribution was mail and email was discussed to the extent Defendants had email addresses. The parties further agreed to confer on distribution by email and worksite postings, yet no conference took place and the parties never agreed to or even discussed a website as a form of notice distribution. Without the Court's permission or input from Defendants, Plaintiff's counsel completely disregarded the stipulation, created a website, and posted the class notice. Plaintiff counsel's malicious intent is clear as they used this worldwide method of distribution without even attempting the agreed upon method of mail. The website, moreover, improperly uses Defendants' trademark in its domain name. It is obvious that the goal of this website is not to give notice to the potential class members, but to damage Defendants, advertise Plaintiff's law firm, and solicit clients. This advertisement is in direct violation of Florida's professional and ethical rules. For these reasons and the irreparable harm suffered by Defendants, Plaintiff's counsel should be ordered to take down the website immediately and appropriate sanctions should be issued.

## BACKGROUND

1.      On June 7, 2012, Plaintiff filed a putative collective action alleging (1) Violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) (unpaid minimum wages); (2)

Violation of the Florida Constitution, Art. X, §24; (3) Violation of the Fair Labor Standards Act, 29 U.S.C. §216(b) (unpaid overtime wages); and (4) Declaratory Relief. [Dkt. 1].

2.      On October 17, 2012, Plaintiff filed a Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Notice to Potential Class Members (the "Motion to Certify"). [Dkt. 30]. Defendants filed its opposition on November 5, 2012. [Dkt. 31].

3.      On February 19, 2013, the Court issued an Order granting Plaintiff's Motion to Certify and conditionally certifying a class of all bartenders and servers employed by Defendants in Florida between June 7, 2009 and the present, who did not enter into Defendants' Dispute Resolution Program ("DRP"). [Dkt. 38]. Defendants established the DRP program in January 2012 and required new hires to sign the DRP as a condition of employment. Thus, any bartender or server who was hired on or after January 2012 is not part of the conditional class. In total, there are a few hundred potential class numbers.

4.      The Court further ordered that the parties confer and resolve **all** issues related to the manner and form of the notice and submit a joint proposed form of notice by March 5, 2013. [Dkt. 38].

5.      In accordance with the Court's order, the parties conferred and filed a Joint Stipulation Regarding Form of Class Notice, Consent to Join Form, and Distribution of Class Notice (the "Stipulation") on March 5, 2013. [Dkt. 39].

6.      The Stipulation specifically provided that the parties agreed to distribution of the class notice by mail. Defendants agreed to provide Plaintiff with a list of the names and last known mailing addresses of the potential class members (the "Class List") by March 19, 2013. The stipulation further provided that parties would confer about distributing

3

the class notice by email or worksite postings.   Nowhere in the Stipulation is there any reference to the creation of a website as a method of class notice distribution.

       7.     The Court approved the Stipulation on March 6, 2013. [Dkt. 40]

       8.     On March 14, 2013, prior to the deadline to provide the Class List, Defendants discovered that Plaintiff's counsel had created a website at www.Texasdebrazilsuit.com.   The sole purpose of this website is for the worldwide advertisement of the class notice and opposing counsel's law firm.   A copy of the website's homepage is attached as Exhibit "A."

       9.     This website was created without the Court's permission or input from Defendants and in direct violation of the Stipulation.

      10.     In the many conversations the parties had to resolve the issues related to the distribution of the class notice, Plaintiff's counsel never once mentioned or proposed the use of a website.

      11.     The website also improperly uses Defendants' trademark in its domain name, creating confusion regarding whether Defendants have created the website or endorsed this lawsuit.

      12.     Even more egregious, Plaintiff's counsel created this worldwide website without first attempting to distribute the notice by the agreed method of mail.   Indeed, Plaintiff's counsel did not even give Defendants a chance to provide the agreed Class List which is not due until March 19, 2013.

      13.     Clearly, the use of a worldwide website does not constitute a fair and proper method to distribute notice to a class of only a few hundred potential class members who worked in Florida.

4

14.     It is obvious that this website was created maliciously and with the intent to harm Defendants, improperly advertise opposing counsel's law firm and solicit clients.

15.     Plaintiff's counsel have violated applicable professional rules of conduct and compromised the integrity of the administration of this FLSA collective action.

16.     Therefore, the Court should order Plaintiff's counsel to immediately remove the website.

## MEMORANDUM OF LAW

### I.     Plaintiff's Counsel's Actions Violated the Court-Approved Joint Stipulation Regarding Distribution of Class Notice

Plaintiff's counsel unilaterally launched a worldwide website to publicize the class notice in this lawsuit and seek potential opt-ins and other clients.  Through creating this website, Plaintiff's counsel has essentially removed this Court and Defendants from the notice process under 29 U.S.C. 216(b).   The Court used its resources in issuing orders with regards to the notice process.  Likewise, Defendants spent significant time and effort complying with the Court's orders and conferring with Plaintiff as to the form and distribution of the notice. Plaintiff's counsel never proposed a website as a means to distribute the notice.  Despite the parties specifically agreeing on the notice distribution methods and filing a Joint Stipulation, which the Court approved, Plaintiff's counsel completely disregarded the stipulation and formed an unapproved website to post the class notice.  Plaintiff's counsel did not even try the Court approved notice distribution methods before creating this website.  Due to Plaintiff's counsel's intentional violation of the Stipulation, the Court should order that Plaintiff's counsel remove the website and prohibit them from positing the notice in any method that is not approved by the Court.

## II.     A Worldwide Website does not Constitute Fair and Proper Notice in this Lawsuit

In determining the proper method of providing notice to potential class members, courts look to what "constitutes fair and proper notice based on the facts of each case." *Simmons v. Enter. Holdings, Inc.*, 2011 U.S. Dist. LEXIS 37504 * 5 (E.D. Mo. 2011).   Here, the conditional class is defined as all bartenders and servers employed by Defendants in Florida between June 7, 2009 and the present, who did not enter into Defendants' Dispute Resolution Program.   The total number of potential class members is a few hundred or so former employees.  Defendants have and agreed to produce the names and last known mailing addresses for all of the potential class members.   Given the small number of potential class members and the contact information Defendants have agreed to produce, notice by mail is sufficient in this case.  Plaintiff has not presented any evidence that personal mailing would be an unreliable means of delivering notice to potential plaintiffs in this action.  Indeed, in the Stipulation, Plaintiff agreed that mail should be a form of notice distribution.[1]

A website was never discussed by the parties as a form of notice distribution.  It is clear that, in this case, notice through a worldwide website would be unduly wide and intrusive.  In fact, the potential class members worked **only** in Florida.   Further, Plaintiff's counsel's website uses Defendants' trademark in the domain name and will cause unnecessary confusion as to who created the website.  Plaintiff's counsel created the equivalent of a court sanctioned worldwide advertisement.  Publicizing the notice worldwide is completely unnecessary and  irreparably damages Defendants.  Thus, notice distribution though a website should not be required.

---

[1]     Plaintiff also suggested email and worksite postings as possible distribution methods.  In the Stipulation, the parties agreed to confer further on these potential methods.  The parties have not yet come to an agreement on these issues.

### III.    Any Opt-Ins Obtained as a Result of this Improper Website Should be Stricken

As Plaintiff's counsel has already pursued their own, extra-judicial advertisement campaign, any opt-ins obtained as a result of the website should be stricken. *See Partlow v. Jewish Orphans Home of S. Cal,* 645 F. 2d 757, 758 (9th Cir. 1981) (striking 69 consent forms where plaintiffs' counsel, without court authorization, solicited putative class members with communications that were "clearly contrary to law").

### IV.    Sanctions

Plaintiffs' counsel are experienced attorneys in representing clients in FLSA collective actions.  They knew or should have known their actions violated the court's order and bar rules.  Defendants submit that sanctions in the form of the costs and fees associated with this motion are appropriate.  Defendant will file its fees if this aspect of the motion is granted.  Yet a fee sanction is insignificant in terms of a deterrent and does little to remedy the potential damages.  Defendants further seek sanctions in the form of lost revenues by comparing store sales this year as compared to last year, nationwide, for the days the website was posted.  To the extent any store had a loss in sales, Defendants seek as a sanction for that amount by store (not in the aggregate) as sanctions.  Hereto, Defendants will file (if permitted under seal) the dollar value of sales at each store if this aspect of the motion is granted.  Finally, Defendants ask that this motion be granted without prejudice to any trademark infringement claim Defendants may elect to pursue.

### CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:    (1) requiring Plaintiff's counsel to take down the unapproved website

7

(www.Texasdebrazilsuit.com); (2) prohibiting Plaintiffs' counsel from distributing the class

notice in any manner not approved by the Court; and (3) granting such further relief as the

Court deems just and/or necessary, including striking opt-ins obtained from the unapproved

website and sanctions.

Respectfully submitted this 15th day of March, 2013.

JACKSON LEWIS LLP

390 N. Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida 32802-3389
Telephone:     (407) 246-8440
Facsimile:     (407) 246-8441

By:   _/s/ Joanne B. Lambert_
     Joanne B. Lambert
     Florida Bar No. 899062
     lambertj@jacksonlewis.com

-   AND   -

     David E. Block, Esq.
     Florida Bar No. 108820
     blockd@jacksonlewis.com

JACKSON LEWIS, LLP
One Biscayne Tower
2 South Biscayne Boulevard - Suite 3500
Miami, Florida  33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document is being served on March 15, 2013 on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

        _/s/ Joanne B. Lambert_
        Joanne B. Lambert, Esq.

**SERVICE LIST**

| | |
|---|---|
| Carlos V. Leach, Esq.<br>Fl. Bar No. 0540021<br>E-mail: *cleach@forthepeople.com*<br>MORGAN & MORGAN, P.A.<br>20 N. Orange Avenue, 16th Floor<br>P.O. Box 4979<br>Orlando, Florida 32802-4979<br>Telephone:  407-420-1414<br>Facsimile:   407-420-5956 | David E. Block, Esq.<br>Fl. Bar No. 108820<br>E-mail: *blockd@jacksonlewis.com*<br>JACKSON LEWIS LLP<br>One Biscayne Tower<br>2 South Biscayne Boulevard - Suite 3500<br>Miami, Florida  33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466 |
| Lowell J. Kuvin, Esq.<br>Fl. Bar No. 53072<br>E-mail: *lowell@kuvinlaw.com*<br>LAW OFFICE OF LOWELL J. KUVIN<br>17 E. Flagler Street, Suite 223<br>Miami, Florida 33131<br>Telephone:   305-358-6800<br>Facsimile:   305-358-6808<br><br>*Attorneys for Plaintiffs* | Joanne B. Lambert, Esq.<br>Fl. Bar No.  899062<br>E-mail: *lambertj@jacksonlewis.com*<br>JACKSON LEWIS, LLP<br>390 N. Orange Avenue, Suite 1285<br>Orlando, FL 32801<br>Telephone:     (407) 246-8440<br>Facsimile:      (407) 246-8441<br><br>*Attorneys for Defendants* |

4820-9692-1875, v. 2

# EXHIBIT A

HOME    Fair Labor Standards Act (FLSA)    FAQ    Attorney Profiles    Contact

# Texas De Brazil Overtime Lawsuit

IF YOU ARE OR WERE A SERVER OR BARTENDER WHO WORKED FOR TEXAS DE BRAZIL IN
FLORIDA AT ANY TIME BETWEEN JUNE 7, 2009 TO THE PRESENT AND DID NOT ENTER
INTO TEXAS DE BRAZIL'S DISPUTE RESOLUTION PROGRAM, A COLLECTIVE ACTION
LAWSUIT MAY AFFECT YOUR RIGHTS.

PLAINTIFF'S CLAIMS

Raul Stuven ("Plaintiff") is a former server who worked for Texas De Brazil and was paid by
the minimum wage plus tips. He has sued Texas De Brazil in federal court in Tampa,
Florida, alleging that Texas De Brazil illegally paid him and other servers and bartenders as
tipped employees and deducted the tip credit from their pay. Specifically, Plaintiff alleges
that Texas De Brazil illegally required its servers and bartenders to pay for their own
uniforms. As a result, he contends Texas De Brazil was not eligible to take the tip credit
deduction and owes each server and bartender an extra $3.02 per hour worked in the
statute of limitations. In addition, Plaintiff contends Texas De Brazil paid its servers and
bartenders less than the legally required overtime rate for tipped employees during 2011.
Plaintiff alleges that these two policies violated the law.

DEFENDANTS' POSITION

Texas De Brazil maintains that it paid its servers and bartenders in accordance with the
applicable law, that each server and bartender was properly compensated. Texas de Brazil
maintains that pay check deductions for uniform costs were proper, as these deductions
did not result in the employee being paid below minimum wage and/or were offset by the
value of the meal allowance provided to servers and bartenders.

CASE STATUS

The Court has permitted Plaintiff to send this Notice to all servers and bartenders who are
currently employed with Texas De Brazil or were employed at any time within the last
three years, so that they may decide whether to "opt-in" to, or join, this lawsuit to assert
their legal rights.

The Court has not yet made any rulings on whether Texas De Brazil has done anything
wrong and has not decided whether this case will proceed to trial. However, this notice
allows you to join this claim.

YOUR LEGAL RIGHTS & OPTIONS

**Do Nothing:** Do Nothing. Lose Nothing (except resulting from the passage of time). By
doing nothing, you retain your legal rights to bring a separate suit against Texas De Brazil
(within the applicable statute of limitations period, which is normally two years) for
allegedly unpaid wage compensation. If money or benefits are later awarded in this case,
you will not share in them.

If you have any questions about the Texas De Brazil
Overtime Lawsuit, or overtime pay issues with any
employer or past employer, please call 877-
MORGAN-LAW, or fill out the short form below.

First Name                     Last Name

Phone Number                   Zip Code

Email

Please Provide Your Question

Please type the number in the box you see below

**6066**

SUBMIT

Carlos Leach, Esquire
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32810
Telephone: (877) MORGAN-LAW
[877-667-4265]
Telephone: (407) 418-2069
Attorneys for Plaintiff
CLeach@forthepeople.com

**Ask to Be Included:** Complete Consent to Become Opt-in Plaintiff Form. By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue Texas De Brazil for the same legal claims brought in this lawsuit.

**Effect of Joining Suit:** If you choose to join this lawsuit, you will be bound by any judgment or settlement in this lawsuit. While the suit is pending, you may be required to provide information, sit for depositions, and testify in court. You will not be required to pay attorney's fees directly.

**Legal Representation If You Join:** If you choose to join in the lawsuit, you will be represented by the Representative Plaintiff through his attorneys as counsel for the class, and will be bound by any settlement to which the Representative Plaintiff or class counsel agrees.

Your options are included in this Notice. To opt-in, you must complete the Consent to Become Opt-in Plaintiff Form and forward it to the attorneys designated in the Form postmarked on or before (Insert 60 days). If you have any questions or concerns, please contact:

Carlos Leach, Esquire
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Attorneys for Plaintiffs
Email: Cleach@forthepeople.com

Lowell Kuvin, Esquire
Law Office of Lowell J. Kuvin
17 East Flagler St. Suite 223
Miami, FL 33132
Telephone: (305) 358-6800
Facsimile: (305) 358-6808
Attorneys for Plaintiffs
Email: Lowell@kuvinlaw.com

Federal law prohibits Texas de Brazil from discriminating or retaliating against you in any manner for taking part in this case.

To read the complaint, please click here.

Immediate Free Legal Advice

MORGAN & MORGAN  877-MORGAN-LAW
(877-667-4265)

The Solution To Getting Your Overtime Rights