UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGIE LIBREROS and
RAUL STUVEN, on behalf of
themselves and those similarly situated,

       Plaintiffs,                              Case No. 8:12-CV-01283-T-24-TGW

vs.

TEXAS DE BRAZIL (TAMPA)
CORPORATION, et al.,

       Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' Emergency Motion For An Order Requiring Plaintiff to Remove The Unapproved Website Improperly Posting the Class Notice and Advertising this Lawsuit ("Emergency Motion"). [Doc. 41]. Plaintiff Raul Stuven opposes the Emergency Motion. [Doc. 43]. For the reasons stated below, Defendants' Emergency Motion is granted in part and denied in part.

I.    **Background**

    A.    **Plaintiff's Motion for Conditional Certification and Court Facilitation of Notice to Potential Class Members**

On June 7, 2012, Plaintiff filed suit alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Article X, Section 24 of the Florida Constitution by requiring employees to pay for their own uniforms and walk-out customers and by failing to pay tipped employees correct overtime. [Doc. 1].

In Plaintiff's motion for conditional certification of a putative class of servers and bartenders who worked for Defendants in Florida within the statute of limitations period, Plaintiff sought "entry of an order permitting, under court supervision, notice" to that class.

1

Specifically, Plaintiff requested that the Court permit Plaintiff's proposed notice be sent by first-class mail, e-mail, and posting at Defendants' Florida locations.  Defendants opposed, *inter alia*, distributing notice via e-mail and posting.

The Court conditionally certified the class.  [Doc. 38].  Regarding the distribution of notice, the Court determined that notice via e-mail was fair and proper and, thus, was a permitted method for distributing notice.  Noting Defendants' additional objections to the manner and form of notice, the Court directed the parties—as suggested by Plaintiff—to resolve those issues and submit a joint proposed notice.  [*Id*. at 10].

### B.      Parties' Stipulation Regarding Form and Distribution of Notice

On March 5, 2013, Plaintiff and Defendants filed a Joint Stipulation Regarding Form of Class Notice, Consent to Join Form, and Distribution of Class Notice ("Stipulation"), requiring Defendants to produce a list of names and mailing addresses for the class members by March 19, 2013, and Plaintiff to send the agreed-upon notice and consent forms (attached as Exhibits A and B) within 14 days of receiving that list.  [Doc. 39 at ¶¶ 1, 4-5].  If a mailing is unclaimed or undeliverable, the Stipulation permits one follow-up mailing.

Although the parties had not yet reached an agreement regarding whether notice may be posted at Defendants' Florida locations, they agreed to continue to confer on this issue.  [Doc. 39 at ¶ 3].  Plaintiff reserved the right to file a motion requesting the Court to permit such posting, should the parties be unable to reach a resolution.  [*Id*.]

On March 6, 2013, the Court entered an order approving the Stipulation.  [Doc. 40].

### C.      Distribution of Court-Approved Notice via Website by Plaintiff's Counsel

On March 15, 2013, Defendants filed the Emergency Motion regarding a website, operated by Plaintiff's counsel without conferring with Defendants' counsel or seeking the Court's authorization.  The website provides the text of, and a link to, the Court-approved notice

and the consent to join form.

Defendants contend that Plaintiff intentionally violated the Stipulation and the Court's order approving the Stipulation.  Defendants' counsel claims that Plaintiff's counsel never—during, before, or after the parties' Stipulation—mentioned distribution of the Court-approved notice form via website.  Further, the website's operation preceded and disregarded the stipulated deadlines for mailing that Court-approved notice.

Defendants also contend that the website fails to provide fair and proper notice.  Specifically, Defendants argue that the mailing is sufficient to provide notice to the small number of potential class members (approximately 657) and the website provides "worldwide" notice that is "unduly wide and intrusive" given that the potential class members only worked in Florida.  Finally, the Defendants contend that the website irreparably harms Defendants in that customers and potential investors will be notified of the lawsuit.

Defendants seek an order: (1) requiring Plaintiff's counsel to take down and enjoin the website; (2) prohibiting Plaintiff from distributing the class notice without Court approval; and (3) granting further relief as the Court deems just or necessary, including striking opt-ins obtained from the website and sanctions.

In opposing Defendants' Emergency Motion, Plaintiff fails to respond to Defendants' contention regarding Plaintiff's violations of the Stipulation and the Court's order.  Instead, Plaintiff argues that the website gives fair and proper notice because it contains no misleading, coercive, or abusive language.  Further, Plaintiff contends that the website does not give "worldwide" notice, because it is not forwarded to any person and it states that the action is limited to Florida employees.

The Court held a hearing on Defendants' Emergency Motion on April 1, 2013.   At that

hearing, Plaintiff's counsel stated that the website's creation began even before the discussions leading up to the parties' Stipulation. He also asserted that neither the FLSA, nor any other law, requires him to confer with Defendants' counsel or seek the Court's permission before distributing the Court-approved notice via unauthorized methods. Further, Plaintiff's counsel stated that, in accordance with the parties' Stipulation, the Court-approved notices were mailed to the class members the preceding week.

## II.    Analysis

Plaintiff contends that *Young v. Dollar Tree Stores, Inc*., 2012 WL 5494000 (D. Colo. Nov. 13, 2012), supports the continued operation of a website containing no inaccurate, misleading, or abusive language. In *Dollar Tree*, the defendant argued that the plaintiff's counsel's website came after, and violated, a court's order granting conditional certification of a class and directing the plaintiff to provide notice by mail. *See id.* at *1. Finding that the website did not disseminate inaccurate information, the court concluded that the website did not violate the court's order. *Id*. at *2. However, *Dollar Tree* does not address the situation where, as here, Plaintiff's counsel's website came after the parties' Stipulation, which specifically addressed the methods for distributing the Court-approved notice.

The issue is not whether the website is protected under the First Amendment; the Court does not find that the website contains inaccurate, misleading, or abusive language. Nor is the issue whether the FLSA requires that the Court approve the method for distributing notice. The Court has broad authority and the duty to control and manage the FLSA notice process. *See Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2009 WL 4019424, *5 (D. Nev. Nov. 19, 2009) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989)); *Ruggles v. Wellpoint, Inc*., 591 F.Supp.2d 150, 164 (N.D.N.Y. 2008). By requesting the Court to facilitate

notice, Plaintiff invoked and acknowledged the Court's power to supervise and decide issues regarding notice. *Id*.

Ultimately, the issue is one that Plaintiff avoids addressing—respect for the parties' Stipulation and the Court's orders.   Based on the timeline of the website's operation, it is apparent that Plaintiff's counsel intended—before, and in spite of, invoking the Court's authority to facilitate notice, entering into the Stipulation agreeing to the form and manner of notice, and asking the Court to approve that Stipulation—to operate the website outside of the Stipulation and Court-controlled notice process.   That Plaintiff would first ask this Court to exercise its supervisory power over the notice process and Defendants to stipulate on methods for distributing notice, only to then proceed outside this Court's order and the parties' Stipulation, is evasive and shows a lack of good faith in dealing with both the opposing party and the Court.

In its order granting Plaintiff's motion for certification and approving the parties' Stipulation, the Court approved the form of notice attached to the Stipulation and distribution of that Court-approved notice via direct mail and e-mail.   However, given that the Court never considered or otherwise addressed the website, the Court did not authorize distribution of the Court-approved notice via website.   Accordingly, while the Court will not require Plaintiff's counsel to cease operation of the website, the Court will require removal of the Court-approved notice.

The Court notes Defendants' undeveloped contention, and Plaintiff's denial, that the website contains language violating unspecified professional and ethical rules.   However, given that the Court now requires removal of the Court-approved notice from the website, the Court declines to address this argument and suggests it is a matter better considered by The Florida Bar.

III.   **Conclusion**

Accordingly, it is ORDERED and ADJUDGED that Defendants' Emergency Motion For An Order Requiring Plaintiff to Remove The Unapproved Website Improperly Posting the Class Notice and Advertising this Lawsuit [Doc. 41] IS GRANTED in part and DENIED in part as follows:

1. The Court does not order that Plaintiff take down the website, but the Court orders that Plaintiff remove the Court-approved notice from the website along with the link to the notice and consent form;

2. Notice shall be distributed by direct mail and/or email and by posting if stipulated by the parties;

3. Defendants' request that the Court strike opt-ins obtained from the website is denied because, according to Plaintiff, there have been no opt-ins obtained from the website; and

4. Defendants' request for sanctions to include costs and fees associated with the Emergency Motion is denied.

DONE AND ORDERED at Tampa, Florida, this 2nd day of April, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record